IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FRED FREEMAN** | ) | |
| Plaintiff, | ) | Case No. |
| **v.** | ) | |
| **LOYOLA UNIVERSITY MEDICAL CENER,** | ) | |
| Defendant. | ) | Jury Request |

## COMPLAINT

Plaintiffs FRED FREEMAN, individually and by and through his undersigned attorney, brings this complaint alleging race discrimination and retaliation in the workplace, and other federal and states causes of action, and states as follows:

### I. JURISDICTION AND VENUE

1. Defendant Loyola University Medical Center is a corporation operating within the district and division of this court was a principal place of business at 2160 South First Avenue, Maywood, Illinois 60153. All of the actions alleged herein happened at or near this location.

2. Plaintiff Fred Freeman, is a citizen of the United States of America and a resident of Kane County in the State of Illinois.

3. Jurisdiction over violations of Title VII claims is conferred by 29 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f); over violations of 42 U.S.C. §1981 by 28 U.S.C. §1343; and, over common-law claims by pendant jurisdiction.

4. Plaintiff timely filed a charge or charges of race discrimination with the Equal Employment Opportunity Commission ("EEOC") which issued to each plaintiff a Notice of Right to Sue, a copy of which is attached to the original complaint. The complaint was filed within 90 days of plaintiff's having received his Notice of Right to Sue.

1

## II. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Title VII

5. Plaintiff realleges paragraphs 1 through 4 and incorporates them by reference herein.

6. Plaintiff Fred Freeman is by race African-American.

7. Plaintiff was employed by defendant from October of 2002 through February 28, 2007. His last position was that of Security Safety Officer.

8. At all times during his employment with defendant, Freeman performed his duties in a fully-acceptable manner.

9. In or about February 26, 2007, defendant suspended plaintiff pending an investigation.

10. On or about February 28, 2007, defendant discharged plaintiff while similarly situated non-Black employees were not discharged.

11. Defendant's reasons for discharging Plaintiff Fred Freeman were and are pretextual.

12. Defendant knowingly, intentionally and willfully discriminated against Plaintiff Freeman on account of his race in violation of Title VII of the Civil Rights Act.

### SECOND CAUSE OF ACTION
### Section 1981

13. Plaintiff realleges paragraphs 1 through 12 and incorporates them by reference in this second cause of action.

14. Title 1981 of the Civil Rights Act of 1986, as amended by the Civil Rights Act of 1991, Section 1981, prohibits race discrimination and states, in pertinent part, the following:

(a) Statement of equal rights

all persons…shall have the same right…to make and enforce contracts…and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…

15  The term "make and enforce contracts" in §1981 includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

16.  Defendant, by terminating Freeman on account of his race, and by discriminating against him as described above, knowingly, intentionally and willfully abrogated his rights guaranteed by Title 1981 of the Civil Rights Act.

## THIRD CAUSE OF ACTION
### Defendant Intentionally Interfered with Plaintiff's Prospective Economic Advantage

17.  Plaintiff realleges paragraphs 1-16 and incorporates them by reference herein.

18.  On or about February 6, 2006, Teamsters Local 714 filed a petition with the National Labor Relations Board seeking to become the representative for Security and Safety Officers at Loyola University Medical Center.

19.  Plaintiff, along with other Security and Safety Officers, assisted Local 714 in its efforts to become the collective bargaining agent for a unit of employees at Loyola University Medical Center, most of whom would be African-American, a unit which would include plaintiff.

20.  Defendant knew of plaintiff's efforts on behalf of Local 714 as described above.

21.  A certification of Local 714 as the collective bargaining agent for a unit of Security and Safety Officers employed by defendant would contain the probability of future economic

benefit to the plaintiff.

22. Defendant knew of the relationship between plaintiff and Local 714 and his organizing efforts on behalf of Local 714.

23. Defendant, by disciplining and terminating plaintiff's employment in a manner as described above, intentionally acted with design to disrupt the relationship which existed between plaintiff and Local 714.

24. Defendant's intentional interference with plaintiff's attempts to be represented by a certified collective bargaining agent proximately caused economic damage to plaintiff.

25. Moreover, Defendant's intentional interference with plaintiff's attempts to be represented by a union who would enter into a collective bargaining contract with defendant to the economic benefit of plaintiff, as described above, knowingly, intentionally and willfully abrogated plaintiff's rights guaranteed by Title 1981 of the Civil Rights Act.

### III. PRAYERS FOR RELIEF

26. Plaintiff asks that the court grant them the following relief:

a. For defendant's knowing, intentional and willful refusal to honor the contractual agreements between the parties on account of plaintiff's race, and to interfere with plaintiff's efforts to enter into a collective bargaining contract–in violation of Section 1981– plaintiff asks for statutory damages in the maximum amount allowed by law, and punitive damages in the amount of at least three times the maximum damages for Title VII claims or $900,000 for plaintiff;

b. Appropriate injunctive relief to include reinstatement of plaintiff to his former

position with accrued seniority;

    c. liquidated and compensatory damages to include full lost wages and benefits;

    d. maximum statutory damages for the Title VII claim or $300,000;

    e. appropriate injunctive relief to include prompt payment of all accrued back pay and benefits;

    f. prejudgment interest, post-judgment interest, and costs, including

reasonable attorney fees and expert witness fees, and

    g. such other relief as the court might find appropriate.

                                              Respectfully submitted,

                                              FRED FREEMAN, Plaintiff,
by and through his attorney,

                                              /s/William F. Spielberger
William F. Spielberger

William F Spielberger & Associates, P.C.
53 W. Jackson Blvd., Suite 1231
Chicago, IL 60604
(312) 834-0519